# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 207 | **DATE** | 12/6/2002 |
| **CASE TITLE** | Thomas Curtis v. Trans Union, LLC et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Joint Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, Defendants Trans Union's and Ford Credit's Joint Motion for Summary Judgment [17-1] is GRANTED as to the §1681e(b) claims against Trans Union and DENIED as to the remaining claims.

(11) ■ [For further detail see attached memorandum opinion and order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 09 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CURTIS and KIMBERLY CURTIS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| TRANS UNION, LLC and FORD MOTOR CREDIT COMPANY, | ) ) ) ) |
| Defendants. | ) ) |

No. 02 C 207, No. 02 C 208

HONORABLE DAVID H. COAR

DOCKETED
DEC 0 9 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs Thomas Curtis and Kimberly Curtis ("Plaintiffs") bring essentially identical complaints against Defendants Trans Union, LLC ("Trans Union") and Ford Motor Credit Company ("Ford Credit") alleging these defendants have violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). The cases originally were assigned to two different judges, but on April 18, 2002, they were deemed related and both cases were assigned to this Court. Trans Union and Ford Credit have filed a Joint Motion for Summary Judgment as to both cases. As both complaints allege identical claims with identical facts, for efficiency purposes, this Court will dispose of both motions in this opinion. For the following reasons, Defendants' Joint Motion for Summary Judgment is GRANTED in part and DENIED in part.

### I. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

1



to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Kamler v. H/N Telecom. Servs., Inc., 305 F.3d 672, 677 (7th Cir. 2002). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fritcher v. Health Care Servs. Corp., 301 F.3d 811, 815 (7th Cir. 2002).

The movant bears the burden of establishing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Rule 56(e); Celotex, 477 U.S. at 324. A scintilla of evidence in support of the non-movant's position is insufficient, and the non-movant "must do more than simply show that there is some metaphysical doubt as to the material fact." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 250. Weighing evidence, determining credibility, and drawing reasonable inferences are jury functions, not those of a judge deciding a motion for summary judgment. Anderson, 477 U.S. at 255.

## II. Background

The following facts are taken from the parties Local Rule 56.1 materials. Plaintiffs are individuals who reside in the Northern District of Illinois. Defendant Trans Union is a limited liability corporation under Delaware law and is authorized to do business in Illinois. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Defendant Ford Credit also is a Delaware corporation authorized to do business in Illinois. Its business consists

of, among other things, purchasing retail lease contracts from automobile dealers.

On September 4, 1997, Plaintiffs entered into a Motor Vehicle Lease Agreement (the "Contract") with Hawkinson Ford Company ("Hawkinson" or the "Dealership") for the lease of a used 1995 Ford Windstar. Hawkinson subsequently assigned the Contract to Ford Credit. The Contract required the Plaintiffs to make 24 monthly payments in the amount of $384.79 beginning on September 4, 1997. The Plaintiffs made 22 of the 24 required payments before they discovered that the Dealership had misrepresented the true condition of the Subject Vehicle; namely, they did not disclose that it had sustained accident damage prior to the Plaintiffs' lease. As a result, Plaintiffs ceased making payments on the Subject Vehicle and returned it to the Dealership.

On September 13, 1999, Thomas Curtis filed a complaint against Hawkinson and Ford Credit in the Circuit Court of Cook County, Illinois, and Ford Credit filed a counterclaim (Case No. 99 L 010204). On December 29, 2000, the state court matter went to arbitration. An arbitration order was entered on September 18, 2001, *nunc pro tunc* March 19, 2001 in favor of Thomas Curtis and against the Dealership on the counts in the complaint. As to Ford Credit, the arbitration order was in favor of Ford Credit on the counts in the complaint but in favor of Thomas Curtis on Ford Credit's counterclaim. On June 17, 2002, the Appellate Court of Illinois, First Judicial District, entered an order remanding the state court matters to the trial court. At this point, no further determination has been made as to the state court action.

While the parties did not include the following remaining pertinent facts in their Local Rule 56.1 Statement of Facts, the Court includes them here because the parties raised and relied on these facts in their briefs. Sometime after the Plaintiffs voluntarily returned the Subject

3

Vehicle to the Dealership, Ford Credit reported that the Subject Vehicle was repossessed and that Plaintiffs owed a sum of $2,487.38. Trans Union, a consumer reporting agency that publishes individual credit reports, included Ford Credit's report on the Plaintiffs' individual credit reports. The Plaintiffs disputed this information in writing to Trans Union on the basis of the facts surrounding their state court action. For example, in one letter dated September 28, 2001 to Trans Union, Plaintiffs wrote:

-On Ford Motor Cr AHN164JWN5 Auto Lease
**I have previously disputed that entry for the following reasons:**
Auto Was NEVER Repossessed - Auto was voluntarily returned at lease end.
Unpaid Balance was $768.00
I won litigation for FRAUD on 1/6/01 and was awarded $10126.00 which is due to me from Hawkinson Ford and Ford Motor Credit. My lease contract was nullified on 1/6/01 in Cook County Court.
Per my phone conversation with your office Ford has refused to correct or update my file therefore:
I DEMAND THAT THE ADVERSE INFORMATION REPORTED ON KIMBERLY J CURTIS [] AND THOMAS K CURTIS [] CREDIT FILES BE REMOVED IMMEDIATELY. I DEMAND THAT ALL PARTIES WHO HAVE RECEIVED MY CREDIT REPORT BE SENT A CORRECTED REPORT.

Trans Union investigated Plaintiffs' disputes by asking Ford Credit to verify the information raised by Plaintiffs. Trans Union submitted this request to Ford Credit by including in the "Customer States" section of its Automated Consumer Dispute Verification ("ACDV") Response forms comments such as: "Disputes current balance--please update; Disputes MOP--Payment pattern--Hist & Max Delinq; Consumer states Auto Ret'd Judgment Awarded to him" and "Disputes MOP--Payment pattern--Hist & Max Delinq; Account in Litigation-provide current status." On each occasion, Ford Credit responded that the reports were accurate by checking the box labeled "Verified as Reported." After receiving verification from Ford Credit that the information the Plaintiffs disputed was correct, Trans Union sent Kimberly Curtis a letter

4

informing her that, if she so wished, she could add a consumer statement to her credit file that consisted of 100 words or less.

### III. Discussion

Plaintiffs' allege that Trans Union and Ford Credit have "deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the plaintiff[s]." Defendants move for summary judgment arguing that they fulfilled their obligations under FCRA and cannot be in violation of the statute because the information they reported is accurate, true, and correct. Plaintiffs counter that, even if the information is technically correct, Defendants still violated the FCRA because the information they reported was misleading and incomplete since Plaintiffs had a judgment in favor of them and against the Dealership at the time of the disputes. This Court addresses these arguments as to each defendant and as to each of the alleged violations of the Act.

A. Trans Union

1. Initial Report - Violation of 15 U.S.C. § 1681e(b)

In Count I of the Complaint, Plaintiffs allege Trans Union violated 15 U.S.C. § 1681e(b). Under the FCRA, a consumer reporting agency is required to follow "reasonable procedures to assure maximum possible accuracy" when preparing a consumer's credit report. 15 U.S.C. § 1681e(b). A credit reporting agency that negligently violates the provisions of the FCRA is potentially liable for actual damages, costs, and attorney fees, 15 U.S.C. §1681o, and a credit reporting agency that willfully violates the Act may be liable for punitive damages as well, 15

5

U.S.C. §1681n. To state a claim under § 1681e(b), plaintiffs must show "that a credit reporting agency prepared a report containing 'inaccurate' information." Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) citing Cahlin v. Gen. Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991). The Act, however, does not make reporting agencies strictly liable, and such agencies will not be liable if they reported inaccurate information in the consumer's credit report but followed "reasonable procedures to assure maximum possible accuracy." Henson, 29 F.3d at 284.

Here, Plaintiffs concede that Trans Union reported technically accurate information regarding the repossession of their vehicle. Nonetheless they argue that Trans Union's report was misleading and thus inaccurate under the statute because Plaintiffs had a judgment in their favor regarding the lease of this vehicle at the time of their *disputes*. Plaintiffs' reliance on the mere fact that the report was inaccurate does not apply to this particular alleged § 1681e(b) violation because, for the initial credit report, absent some prior indication that the information Trans Union gathered was gathered through negligence, it was reasonable and cost efficient for Trans Union to report information without independent verification. See Henson, 29 F.3d at 285. As Plaintiffs have submitted no evidence showing that Trans Union had prior notice of potential inaccuracies in Plaintiffs' credit reports or that it had reason to doubt Ford Credit's credibility, summary judgment is granted as a matter of law in favor of Trans Union as to Plaintiffs' section 1681e(b) claims.

2. Reinvestigation - Violation of 15 U.S.C. § 1681i

Plaintiffs also allege that Trans Union violated provisions of Section 1681i by not conducting a thorough reinvestigation in response to their many disputes regarding the negative

credit information on the Subject Vehicle. Section 1681i governs the procedure in case of disputed accuracy of a consumer's credit report. Section 1681(a)(1)(A) requires Trans Union to reinvestigate any item disputed by the consumer, stating:

(1)  Reinvestigation required.

>   (A)  In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

Trans Union argues that it did not violate this section of the Act because it reinvestigated the information from Ford Credit and verified its accuracy. Plaintiffs, however, argue that factually correct information that is misleading and/or incomplete can be considered inaccurate for FCRA purposes, and for support they cite Koropoulos v. Credit Bureau, Inc., 734 F.2d 37, 40-42 (D.C. Cir. 1984). In Koropoulos, the District of Columbia Circuit held that if a credit reporting agency reports factually correct information that also could be interpreted as being misleading or incomplete, a factual question exists regarding whether the credit reporting agency's report is so misleading as to be "inaccurate" within the meaning of the FCRA. Id.; see also Sepulvado v. CSC Credit Servs, Inc., 158 F.3d 890, 895-96 (5th Cir. 1998) ("A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.").[1]

---

[1] The Seventh Circuit has left open the question whether the statutory term "inaccurate" reaches cases in which information in a credit report is technically accurate but misleading and/or incomplete. See Crabill v. Trans Union, LLC, 259 F.3d 662, 664 (7th Cir. 2001); Henson, 29

7

Defendants argue that Koropoulos does not apply in this case because Plaintiffs cannot point to any information regarding their performance on the Ford Credit obligation that, had it been reported, would have made it more complete. Thus, Defendants argue that Trans Union's reports were not misleading and they did not omit facts that would have made them more complete. The Court finds these arguments disingenuous. Trans Union could have included information about Plaintiffs pending state lawsuit, as Plaintiffs suggested, rather than merely include the information about the repossession and unpaid balance, which is information that clearly can be expected to adversely affect credit decisions. Thus, this Court finds that a genuine issue of fact exists as to whether Trans Union's failure to include more information regarding Plaintiffs' performance on the Ford Credit obligation is so misleading as to be "inaccurate" within the meaning of the FCRA.

Plaintiffs also argue that, by simply attempting to verify the information Plaintiffs had disputed with the original source--Ford Credit--even after Trans Union received notice from Plaintiffs about judgment in their favor regarding this transaction, Trans Union failed to accurately and reasonably reinvestigate Plaintiffs' disputes as required by § 1681i. Trans Union's position is that they complied with the statutory requirements by identifying the claims Plaintiffs made in their disputes and submitting them to Ford Credit for verification. The Seventh Circuit has held, however, that in order to fulfill its obligation under §1681i(a), "a credit reporting agency may be required, in certain circumstances, to verify the accuracy of its initial source of information." Henson, 29 F.3d at 287. Whether the credit reporting agency has a duty to go beyond the original source depends on (1) whether the consumer has alerted the reporting

---

F.3d at 285 n.4 (7th Cir. 1994).

agency to the possibility that the source may be unreliable or the reporting agency itself knows or should know that the source is unreliable; and (2) the cost of verifying the accuracy of the source versus the potential harm to the consumer. Id. Whatever considerations exist, it is for "the trier of fact [to] weigh the[se] factors in deciding whether [the defendant] violated the provisions of section 1681i." Id. Thus, summary judgment is DENIED as to Plaintiffs' §1681i claims.

B. Ford Credit

Plaintiffs allege that Ford Credit violated Section 1681s-2(b), which sets forth investigation requirements for entities, such as Ford Credit, that furnish information to credit bureaus. This section requires that a creditor, once it receives notice of a dispute from a credit reporting agency, take the following actions:

(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681a(2) [of the FCRA];
(C) report the results of the investigation to the consumer reporting agency; and
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

15 U.S.C. § 1681s-2(b); Dornhecker v. Ameritech Corp., 99 F.Supp.2d 918, 925 (N.D. Ill. 2000). Ford Credit argues that, just as in the case of a credit reporting agency's reinvestigation under §1681i, Ford Credit cannot be held liable under 1681s-2(b) when the information complained of is in fact correct. For the reasons set forth above, see supra II.A, a genuine issue of fact exists regarding whether the information Ford Credit continued to verify as correct was accurate under the FCRA. Thus, this Court denies summary judgment as to the section 1681s-2(b) claims against Ford Credit.

9

## IV. Conclusion

For the foregoing reasons, Defendants Trans Union's and Ford Credit's Joint Motion for Summary Judgment is GRANTED as to the §1681e(b) claims against Trans Union and DENIED as to the remaining claims.

**Enter:**

_____

**David H. Coar**

**United States District Judge**

**Dated: December 6, 2002**